O’NIELL, J.
Pretermitting the question of the correctness of the ruling complained of, we are of the opinion that the relator has not presented a case for the exercise of our supervisory jurisdiction. It was not the mandatory duty of the district judge to grant the preliminary injunction prayed for; his granting or refusal to grant the writ was a matter within his judicial discretion, and was subject to review only by an appeal to this court. If the district judge had merely refused to grant the preliminary injunction, without issuing a rule nisi, we would not have supervisory jurisdiction to compel him to grant the writ. His issuing the rule nisi and allowing the defendants an opportunity to be heard before granting or refusing to grant the writ of injunction was, in effect and in fact, a refusal to grant the injunction on the face of the plaintiff’s petition. The issuance of the rule nisi and allowing the defendants an opportunity to be heard is not worse for the plaintiff in this case than if the court had merely refused the injunction, in which case his ruling would have been subject to review by an ordinary appeal, but not by an appeal to our supervisory powers. For all that we know, the district judge may grant the injunction in his final ruling on the plaintiff’s application for the writ, unless the plaintiff appeals from his ruling, refusing to grant the writ on the face of the petition. The relator has reserved a bill of exceptions to the ruling of the district court, permitting the defendants to traverse the allegations of the petition, which may be considered on an appeal from the final ruling on the application for injunction.
The petition for writs of certiorari, prohibition, and mandamus is denied at the cost of the relator.